**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SEAN D. COTTLE, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES COX et al., <br><br> Defendants. | 3:15-cv-00237-RCJ-WGC <br><br> **ORDER** |

Plaintiff James Cox is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). He sued Renown Regional Medical Center ("Renown") and five individual Defendants in this Court for violations of his Eighth Amendment rights under § 1983 based on alleged improper treatment of his HIV. Plaintiff listed six counts, each of them for violations of the Eighth Amendment, inadequate medical care, negligence, and breach of contract. The gravamen of the Complaint was that NDOC treats Plaintiff's HIV in part through telemedicine from Renown, and Plaintiff argued that constituted cruel and unusual punishment, medical malpractice, and a breach of contract.

The Court dismissed the federal claim, finding that it essentially alleged medical malpractice, and declined supplemental jurisdiction over the state law claims for, *inter alia*, medical malpractice. Plaintiff has appealed, and the Court of Appeals has referred the case to the Court to determine whether *in forma pauperis* status should continue on appeal.

The Court finds that *in forma pauperis* status should not continue on appeal, as the appeal is frivolous. *See* 28 U.S.C. § 1915(a)(3). The claim sounds in medical malpractice, not cruel and unusual punishment. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. It does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## CONCLUSION

IT IS HEREBY ORDERED that *in forma pauperis* status shall not continue on appeal.

IT IS SO ORDERED.

Dated this 7th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge